

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2007

# Francis v. Joint Force HQ

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4246

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Francis v. Joint Force HQ" (2007). *2007 Decisions*. Paper 459.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/459

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4246
_____

JANET FRANCIS,

Appellant

v.

JOINT FORCE HEADQUARTERS NATIONAL GUARD;
KATHEY MCCREADY, EO; LTC LAWLOR, IG; MAJOR GENERAL REITH, TAG;
GENERAL CARLINI; COL GUARENO; LTC SCHEPENS;
COL STEPHEN HINES, Chief of Staff- Col;
MS. EVELSIZER, Chief-national Guard Bureau -NGB-EO;
DONALD BALLARD, NGB Counselor; DEPARTMENT OF ARMY; MAJOR BEALE;
WO CONLEY; COL KENT MILLIKEN; MAJOR PERRON;
COL THOMAS SULLIVAN
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-04882)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
August 24, 2007

Before: SLOVITER, MCKEE AND FISHER, CIRCUIT JUDGES

(Filed:  September 7, 2007)

_____

OPINION

_____

PER CURIAM

Janet Francis, acting pro se, appeals an order of the United States District Court for the District of New Jersey denying her motion for entry of default and granting defendants' motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1).

Francis is a former military technician who was discharged from the United States Army National Guard and fired from her related civilian employment with the Department of the Army.[1] Her complaint in this case appears to allege that her military discharge violated various statutory and constitutional rights.[2] She claims that she was: denied the right to review her military records; harassed and discriminated against because of her sex; retaliated against for filing a complaint with the Equal Employment Office; denied access to materials and job opportunities necessary for promotion; and defamed. For these alleged wrongs, she seeks $2.8 million in compensatory damages, reinstatement at her previous rank, and removal of any negative materials from her personnel file.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of appellant's motion for default judgment for abuse of discretion. See Jorden v. Nat'l Guard Bureau, 877 F.2d 245, 250-52 (3d Cir. 1989). Our review of

-------

[1] Like the District Court, we draw many of these facts from defendants' Motion to Dismiss, as the complaint filed by Francis is nearly devoid of factual allegations to support her claims.

[2] Francis challenged the termination from her civilian position in a separate action. See D.N.J. Civ. No. 05-cv-04484; C.A. Nos. 06-2973 and 06-2920.

2

the District Court's dismissal of appellant's complaint under Fed. R. Civ. P. 12(b)(1) is plenary. See Taliaferro v. Darby Township Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). In so doing we look only at "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." See id. (quoting Turicentro, S.A. v. Am. Arlines Inc., 303 F.3d 293, 300 (3d Cir. 2000)).

The District Court properly rejected plaintiff's motion for entry of default. Service was not perfected until appellant sent a copy of the summonses and complaint to the Attorney General of the United States on February 6, 2006.[3] See Opinion of September 19, 2006, at 6-9; Fed R. Civ. P. 4(i). All defendants entered a limited appearance to contest the Court's jurisdiction by February 23, 2006, well within the allowable time period.

As discussed in some detail by the District Court, the military defendants in this case are immune from claims seeking monetary damages. See Opinion of September 19, 2006, at 12-16; Jorden v. Nat'l Guard Bureau, 799 F.2d 99 (3d Cir. 1986); Chappell v. Wallace, 462 U.S. 296, 300 (1983); Matreale v. N.J. Dep't of Military & Veterans Affairs, ___ F.3d ___, No. 06-2051, 2007 WL 1469661, at *3 (3d Cir. May 22, 2007). The District Court properly dismissed these claims under Fed. R. Civ. P. 12(b)(1).

We disagree, however, with the District Court's dismissal of appellant's

---

[3] The District Court's conclusion that some of defendants were never properly served also appears to be correct; however, we need not reach that issue here. See Opinion of September 19, 2006, at 9-10.

3

claims for injunctive relief. As the District Court observed, this case is largely indistinguishable from <u>Jorden</u>. In that case, however, we rejected the proposition apparently adopted by the District Court here that <u>Chappell</u> closed the door to claims for injunctive relief as well as for money damages. <u>See</u> <u>Jorden</u>, 799 F.2d at 109-110. Therefore, Francis's claims for injunctive relief were not barred by the intramilitary immunity doctrine and should not have been dismissed under Rule 12(b)(1).

Accordingly, we will affirm the District Court's dismissal of appellant's damages claims. We vacate the judgment of the District Court insofar as it dismissed Francis's claims for injunctive relief and shall remand the case for further proceedings.[4] We note that on remand, the District Court may wish to examine the complaint for compliance with Federal Rule of Civil Procedure 8.

---

[4] The motion for Default Judgment filed with this Court is denied.