Janet FRANCIS, Appellant

v.

JOINT FORCE HEADQUARTERS NA-
TIONAL GUARD; Kathey McCready
EO; LTC Lawlor, IG; Major General
Reith, Tag; General Carlini; Col
Guareno; LTC Schepens; Col Stephen
Hines, Chief of Staff–Col; Ms. Evel-
sizer, Chief–National Guard Bureau—
NGB–EO; Donald Ballard, NGB
Counselor; Department of Army; Ma-
jor Beale; Wo Conely; Col Kent Mil-
liken; Major Perron; Col Thomas
Sullivan.

In re: Janet Francis, Petitioner.

Nos. 09–2903, 08–4791.

United States Court of Appeals,
Third Circuit.

Submitted for Possible
Summary Action

Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6.

Submitted Pursuant to
Rule 21, Fed. R.App. P.
Aug. 27, 2009.

Opinion filed: Sept. 23, 2009.

Janet Francis, Westampton, NJ, for Appellant.

Mark C. Orlowski, Esq., Office of United States Attorney, Trenton, NJ, for Joint Force Headquarters National Guard; Kathey McCready EO; LTC Lawlor, IG; Major General Reith, Tag; General Carlini; Col Guareno; LTC Schepens; Col Stephen Hines, Chief of Staff–Col; Ms. Evelsizer, Chief–National Guard Bureau—NGB–EO; Donald Ballard, NGB Counselor; Department of Army; Major Beale; Wo Conely; Col Kent Milliken; Major Perron; Col Thomas Sullivan.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Janet Francis, proceeding *pro se,* appeals from the decisions of the District Court dismissing her complaint and denying her motion for reconsideration. Because the appeal does not present a substantial question, we will summarily affirm. *See* 3d Cir. LAR 27.4; 3d Cir. IOP 10.6. Also before the Court is Francis' petition for writ of mandamus, which we will deny for the reasons discussed below.

I

The complex factual and procedural background of this case is exhaustively recounted in the District Court's opinion of March 19, 2009, 2009 WL 777396. (Doc. No. 143 at 2–14). Briefly, Francis is a former employee of the New Jersey Army National Guard. In 2005, she filed a complaint in the District Court, in which she set forth as claims for relief, without further elaboration:

> Denied ... the right to Freedom of Information Act (FOIA), Reprisal, Harassment, discrimination, not given an equal employment opportunity, retaliation, wasn't given a hearing for the adverse action against me, Breach of contract, defamation of character, denied promotion, didn't complete the procedures outlined in NGR 600–22/ANGI 36–3, didn't meet time frame to investigate complaint, wasn't given military duties, tampering with federal investigation of complaint, unauthorized officer filed documents.

(Doc. No. 2 at 1).

The District Court dismissed the complaint under the doctrine of intramilitary immunity. Francis appealed, and we affirmed in part and vacated in part, holding that the intramilitary immunity doctrine did not bar her claims for injunctive relief. (C.A. No. 06–4246, opinion entered on September 7, 2007, 247 Fed.Appx. 387). We noted, however, that the District Court might consider on remand whether Francis' complaint satisfied the requirements of

Federal Rule of Civil Procedure 8. *Id.* at 3–4.

On remand, the District Court granted the Defendants' motion under Federal Rule of Civil Procedure 12(e) for a more definite statement. Francis, incorrectly interpreting our opinion to mean that her complaint sufficiently stated a claim for relief, refused to comply with the District Court order. Over the next five months, the District Court, *sua sponte*, attempted to clarify the significance of our opinion and afforded Francis three additional opportunities to file a second amended complaint responsive to its concerns. Each time, Francis expressly refused, citing our opinion in C.A. No. 06–4246. In addition, Francis filed a petition for writ of mandamus while the District Court action was pending.

In March 2009, the District Court dismissed Francis' complaint. She filed a motion for reconsideration, which the District Court also denied, followed by this appeal. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We have authority to issue writs of mandamus under the All Writs Act. *See* 28 U.S.C. § 1651(a); *In re Kensington Int'l Ltd.,* 353 F.3d 211, 219 (3d Cir.2003).

## II

■ In dismissing Francis' complaint, the District Court reasoned that she failed to comply with multiple orders to file a second amended complaint responsive to the Rule 12(e) order. We review a dismissal for failure to comply for abuse of discretion. *See Emerson v. Thiel Coll.,* 296 F.3d 184, 190 (3d Cir.2002). The District Court's discretion is guided by the factors listed in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir.1984). These include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the party's

failure to comply; (3) a history of dilatoriness; (4) whether the party's conduct is willful or in bad faith; (5) the effectiveness of available sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *See id.*

At the outset, we note that Francis' interpretation of our opinion in her earlier appeal—i.e., that the District Court's incorrect decision concerning her injunctive relief claims as they relate to the doctrine of intramilitary immunity, read in light of our suggestion that the District Court review her complaint for compliance with Rule 8, somehow suggests the overall adequacy of her complaint—is plainly incorrect. Proceeding from a correct understanding of our prior opinion, the District Court conducted a detailed analysis of the *Poulis* factors as they apply to Francis' case. For all the reasons given by the District Court in its thorough and well-reasoned opinion, we agree that dismissal was appropriate. *See* District Court Op., 15–24. Francis' repeated refusal to explain *at all* the basis of her claims left the District Court with little choice but dismissal. Certainly, we see no abuse of discretion in the District Court's decision. *See Emerson,* 296 F.3d at 191.

## III

■ We turn next to the denial of Francis' motion for reconsideration. To prevail on a motion for reconsideration, a litigant must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999). We review the denial of a motion to reconsider for abuse of discretion. *See Caver v. Trenton,* 420 F.3d 243, 258 (3d Cir.2005). Here, in denying reconsideration, the Dis-

trict Court correctly explained that neither the filing of Francis' mandamus petition nor her earlier interlocutory appeal precluded continuing with the case. Thus, the District Court did not abuse its discretion in denying Francis' motion for reconsideration.

## IV

 Francis also filed a petition for writ of mandamus, asking this Court to compel her reinstatement and to force Judge Simandle and Magistrate Judge Donio to recuse themselves. Before we could rule on the mandamus petition, however, we obtained jurisdiction over her appeal. Because it inures to her benefit, we might well review her arguments under our appellate jurisdiction, rather than our less forgiving mandamus authority.[1] *See, e.g., In re Richards*, 213 F.3d 773, 779 (3d Cir.2000) (holding that mandamus will not lie when a direct appeal is available); *United States v. RMI Co.*, 599 F.2d 1183, 1187 (3d Cir.1979) ("where, as here, the order which is the subject matter of the petition is, under the governing case law, reviewable as . . . final, there are no finality considerations militating against treating a petition for mandamus as the equivalent of a notice of appeal"). Under any standard, however, her arguments fail.

 First, we may pass quickly by her request that we compel her reinstatement. We will not, of course, countenance her failure to submit an acceptable complaint to the District Court by giving her the ultimate relief she sought. Nor has Francis demonstrated that Judge Simandle and Magistrate Judge Donio should have recused. Francis' unhappiness with the judges' rulings is insufficient to require recusal, *see Liteky v. United States*, 510

U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"), and her attempt to tie unsubstantiated improper acts by non-judicial actors to the District Court is unpersuasive.

Accordingly, we will affirm the decision of the District Court and deny Francis' petition for mandamus.

---

1. Mandamus is an "extraordinary remedy" that we have discretion to award only when a petitioner demonstrates, among other things,

a "clear and indisputable" right to relief. *In re Pressman–Gutman Co.*, 459 F.3d 383, 398–99 (3d Cir.2006).